UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MICHAEL MCKENZIE,

       Plaintiff,

  v.

ERIE COUNTY MEDICAL CENTER
CORPORATION, ANDREW MULVAUGH,
CARLA CLARKE, AND PEGGY KRAMER,

       Defendants.

**DECISION AND ORDER**
17-CV-647S

## I. INTRODUCTION

Plaintiff Michael McKenzie brings this action against his former employer Erie County Medical Center Corporation ("ECMC") and several individual employees for violating his rights under the Family Medical Leave Act ("FMLA"). Defendant ECMC has moved to dismiss McKenzie's claims, and McKenzie has cross-moved to amend his complaint.[1] For the reasons that follow, ECMC's motion is granted in part and denied in part, and McKenzie's cross motion is granted.

## II. BACKGROUND

The following facts, drawn from McKenzie's complaint, are assumed true for purposes of assessing ECMC's Motion to Dismiss. See ATSI Commc'ns Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007).

McKenzie was an employee at ECMC. (Complaint, ¶ 10.) Sometime in the spring of 2015, he informed his supervisor, Defendant Andrew Mulvaugh, that his girlfriend was

---

[1] Defendants Mulvaugh, Clarke, and Kramer have not appeared in this action. It is unclear whether they have been served.

1

pregnant and that he would need to take FMLA leave after the birth of his child. (Id. at ¶ 14). This conversation took place approximately six weeks before McKenzie's child's anticipated birth. (Id. at ¶ 14.)

McKenzie's girlfriend gave birth to their son on June 16, 2015. (Id. at ¶ 18.) Their son was born prematurely and required hospitalization, as did McKenzie's girlfriend. (Id. at ¶¶ 18-20.) McKenzie was on scheduled vacation leave at the time of the birth. (Id. at ¶ 18.) He did not return to work as scheduled on June 22, 2015, instead calling in sick from June 22 to July 14, 2015. (Id. at ¶ 22.)

Mulvaugh called McKenzie around June 29, 2015, and asked McKenzie to contact him. (Id. at ¶ 25.) McKenzie tried to return Mulvaugh's call, but was unable to leave a message because Mulvaugh's voice mailbox was full. (Id. at ¶ 26.) McKenzie went to ECMC twice to find Mulvaugh in person, but Mulvaugh was absent from work on both days. (Id. at ¶¶ 27-28.)

About two weeks later, McKenzie attended a meeting with Defendants Mulvaugh, Clarke, and Kramer, on July 14, 2019.[2] (Id. at ¶¶ 31-32.) At that meeting, McKenzie informed Defendants that his son had been born prematurely and had been in the newborn intensive care unit ("NICU") for several days. (Id. at ¶ 32.) At the end of the meeting, McKenzie was informed that he was terminated for attendance reasons. (Id. at ¶ 39.)

### III. DISCUSSION

McKenzie asserts multiple claims against Defendants for interference with and

---

[2] Clarke's and Kramer's positions with ECMC are not set forth in the Complaint.

retaliation based on his rights under the FMLA, 29 U.S.C. § 2615(A) and (B).[3] First, McKenzie alleges that ECMC interfered with his FMLA rights under § 2615(A) by not granting him FMLA leave for the birth or hospitalization of his son (Counts 1, 3, 9, 11, 15, and 17). Second, he alleges that ECMC interfered with his FMLA rights by not providing him with written notice of his FMLA eligibility within five days of ECMC learning of his request for FMLA leave (Counts 7, 13 and 19), or of his son's hospitalization (Counts 8, 14, and 20). Third, McKenzie alleges that ECMC interfered with his rights by terminating him after learning of his son's birth and hospitalization, and McKenzie's taking leave (Counts 2, 4, 10, 12, 16, and 18). Finally, he alleges that ECMC retaliated against him for exercising his FMLA rights, under § 2615(B), by terminating him for "his desire to take FMLA leave" (Counts 5 and 6).

ECMC moves to dismiss McKenzie's causes of actions for failure to state claims upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. McKenzie opposes the motion and moves for leave to amend to cure any possible defects.

**A.  Rule 12(b)(6)**

Rule 12 (b)(6) allows dismissal of a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12 (b)(6). Federal pleading standards are generally not stringent: Rule 8 requires only a short and plain statement of a claim. FED. R. CIV. P. 8(a)(2). But the plain statement must "possess enough heft to show that the pleader is entitled to relief." Bell Atl. Corp. v. Twombly, 550 U.S. 544,127 S. Ct. 1955,

---

[3] The different causes of action reflect the different dates on which Defendants allegedly learned of McKenzie's medical circumstances; they are grouped here by underlying legal claim.

3

1966, 167 L. Ed. 2d 929 (2007).

When determining whether a complaint states a claim, the court must construe it liberally, accept all factual allegations as true, and draw all reasonable inferences in the plaintiff's favor. Goldstein v. Pataki, 516 F.3d 50, 56 (2d Cir. 2008); ATSI Commc'ns, 493 F.3d at 98. Legal conclusions, however, are not afforded the same presumption of truthfulness. See Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions").

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). Labels, conclusions, or "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Facial plausibility exists when the facts alleged allow for a reasonable inference that the defendant is liable for the misconduct charged. Iqbal, 556 U.S. at 678. The plausibility standard is not, however, a probability requirement: the pleading must show, not merely allege, that the pleader is entitled to relief. Id.; FED. R. CIV. P. 8(a)(2). Well-pleaded allegations in the complaint must nudge the claim "across the line from conceivable to plausible." Twombly, 550 U.S. at 570.

A two-pronged approach is thus used to examine the sufficiency of a complaint, which includes "any documents that are either incorporated into the complaint by reference or attached to the complaint as exhibits." Blue Tree Hotels Inv. (Can.), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc., 369 F.3d 212, 217 (2d Cir. 2004). This examination is context specific and requires that the court draw on its judicial experience

4

and common sense. Iqbal, 556 U.S. at 679. First, statements that are not entitled to the presumption of truth—such as conclusory allegations, labels, and legal conclusions—are identified and stripped away. See id.. Second, well-pleaded, non-conclusory factual allegations are presumed true and examined to determine whether they "plausibly give rise to an entitlement to relief." Id. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint fails to state a claim. Id.

**B. FMLA**

The FMLA entitles eligible employees to a total of 12 workweeks of leave during any 12-month period for "the birth of a son or daughter of the employee and in order to care for such son or daughter." 29 U.S.C. § 2612(a)(1)(A).

Civil liability is imposed on employers who "interfere with, restrain, or deny the exercise of or the attempt to exercise, any right" provided by the FMLA. 29 U.S.C. § 2615(A). The statute also makes it unlawful for any employer to "discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter." 29 U.S.C. § 2615(B).

To properly plead a cause of action for interference under the FMLA, a plaintiff must allege: (1) that he is an eligible employee under the FMLA; (2) that the defendant is an employer as defined by the FMLA; (3) that he was entitled to take leave under the FMLA; (4) that he notified the defendant of his intention to take leave; and (5) that he was denied benefits to which he was entitled under the FMLA. See Graziadio v. Culinary Inst. of Am., 817 F.3d 415, 424 (2d Cir. 2016).

The FMLA's notice requirement is lenient. See Mullin v. Rochester Manpower,

5

Inc., 204 F. Supp. 2d 556, 562 (W.D.N.Y. 2002) (finding that plaintiff did not meet her burden, "de minimis" as it was.) An employee must provide "at least verbal notice sufficient to make the employer aware that the employee needs FMLA-qualifying leave, and the anticipated timing and duration of the leave." 29 C.F.R. § 825.302(c). When an employee is seeking leave for the first time under the FMLA, "the employee need not expressly assert rights under the FMLA or even mention the FMLA." 29 C.F.R. § 825.302(c).

The question of whether notice is proper is a question of fact, not law. See Millea v. Metro-N. R. Co., 658 F.3d 154, 162 (2d Cir. 2011) (holding that whether the plaintiff encountered an "unusual circumstance" making him unable to notify his supervisor was a question of fact, not law, properly decided by the jury.) See also Hopson v. Quitman Cty. Hosp. & Nursing Home, Inc., 126 F.3d 635, 640 (5th Cir. 1997) (holding that adequacy of notice was a question of fact better left to jury).

When the need for leave is due to an unforeseeable event, or when the timing of the need for leave is not foreseeable, the employee must inform the employer of the need "as soon as practicable under the facts and circumstances of the particular case." 29 C.F.R. § 825.303(a).

"When an employee requests FMLA leave, or when the employer acquires knowledge that an employee's leave may be for an FMLA–qualifying reason, the employer must notify the employee of the employee's eligibility to take FMLA leave within five business days" and "provide written notice detailing the specific expectations and obligations of the employee and explaining any consequences of a failure to meet these obligations." 29 C.F.R. 825.300(c)(1).

6

An employer's failure to follow the notice requirements "may constitute an interference with, restraint, or denial of the exercise of an employee's FMLA rights" if the employer's failure to provide notice rendered the plaintiff "unable to exercise [the right to FMLA leave] in a meaningful way, thereby causing injury." Conoshenti v. Pub. Serv. Elec. & Gas Co., 364 F.3d 135, 143 (3d Cir. 2004). See also Rengan v. FX Direct Dealer, LLC, No. 15-CV-4137, 2017 WL 3382074, at *5 (S.D.N.Y. Aug. 4, 2017) ("When an employee is terminated for failing to return after twelve weeks of FMLA leave after not having received adequate notice of the employee's FMLA rights and responsibilities, and . . . can establish that with proper notice he would have structured his leave 'in such a way as to preserve the job protection afforded by the Act,' the employee has a viable claim of interference under the FMLA.") (internal citations omitted).

Termination in response to requesting or taking FMLA leave can qualify as interference under § 2615(A) and as retaliation under § 2615(B). Interference includes "discriminating or *retaliating* against an employee ... for having exercised or attempted to exercise FMLA rights." 29 C.F.R. § 825.220(c) (emphasis added); see Smith v. Westchester Cty., 769 F. Supp. 2d 448, 470 (S.D.N.Y. 2011). A cause of action for retaliation under § 2615(B) requires a plaintiff to allege that: "(1) he exercised rights protected under the FMLA; (2) he was qualified for his position; (3) he suffered an adverse employment action; and (4) the adverse employment action occurred under circumstances giving rise to an inference of retaliatory intent." Potenza v. City of New York, 365 F.3d 165, 168 (2d Cir. 2004).

Termination from employment is the quintessential "adverse employment action." Smith v. Westchester Cty., 769 F. Supp. 2d 448, 470–71 (S.D.N.Y. 2011) ("Adverse

7

employment actions include 'materially adverse change[s] in the terms and conditions of employment,' such as 'termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices unique to a particular situation.'") (quoting Zelnik v. Fashion Inst. of Tech., 464 F.3d 217, 225–26 (2d Cir. 2006)).

**C. McKenzie's FMLA Interference Claims**

McKenzie has failed to state sufficient facts regarding his eligibility and ECMC's status. He asserts that he was an "eligible employee," (see Complaint, ¶ 10), but he fails to provide a factual basis for that claim. Eligibility is a "threshold issue," without which a claim cannot proceed. Smith v. Westchester Cty., 769 F. Supp. 2d 448, 465 (S.D.N.Y. 2011). To be eligible, an employee must have worked at least 1,250 hours in a 12-month period. 29 C.F.R. § 825.110(d). It is not enough for a plaintiff to "assert[] in a conclusory manner that he is eligible without stating any facts that relate to the definition of an eligible employee." Spurlock v. NYNEX, 949 F. Supp. 1022, 1033 (W.D.N.Y. 1996). McKenzie's complaint states only that he was an "eligible employee," which is insufficient to state a claim. (Complaint at ¶ 10.)

McKenzie likewise fails to allege any facts to support his conclusory statement that ECMC was "an Employer under the FMLA." (Complaint, ¶11.) The FMLA defines "employer" as "any person engaged in commerce or in any industry or activity affecting commerce who employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year." 29 U.S.C. § 2611(4) (2002). 29 C.F.R. § 825.104. McKenzie has not alleged any facts to this effect. See Pesok v. Hebrew Union Coll.--Jewish Inst. of Religion, 235 F. Supp. 2d 281, 289–90

8

(S.D.N.Y. 2002), aff'd sub nom. Pesok v. Lutwak, 86 F. App'x 479 (2d Cir. 2004) (dismissing where plaintiff failed to allege any facts regarding his employer's status under FMLA).

And McKenzie's complaint is insufficient on the third element as well: nowhere does McKenzie allege that he was entitled to FMLA leave, nor does he provide a factual basis for such an allegation. McKenzie's FMLA interference claims must therefore be dismissed.

ECMC also seeks dismissal for lack of notice, because McKenzie called in sick instead of notifying ECMC "as soon as practicable" of the change in timing of his need for FMLA leave. (Docket No. 6-1 at 12, 13.) Dismissal is not warranted on this basis. McKenzie has sufficiently alleged his notice to ECMC and ECMC's failure to notify him of his FMLA eligibility. McKenzie alleges that he notified ECMC when he told Mulvaugh of his need for leave "about six weeks" before his girlfriend's due date, and that he tried to give further notice by calling and visiting Mulvaugh and at the July 14 meeting. (Complaint, ¶ 14, 26-27, 32.) He alleges that after he told Mulvaugh of his need for leave, ECMC never notified him of his eligibility and obligations under the FMLA, never granted him leave, and terminated him after he took leave for his child's birth. (Complaint, ¶¶ 16, 46, 39.) These facts suffice to allege notice. In any event, whether this was notice "as soon as practicable given all the facts and circumstances" under 29 C.F.R. § 825.303(b), is a question of fact that cannot be resolved at this stage.

McKenzie has moved for leave to amend his complaint to cure any deficiencies. District courts have broad discretion to grant a party leave to amend its pleadings and the federal rules dictate that courts freely give leave "when justice so requires." Fed. R. Civ.

P. 15(a)(2); see also Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 222, 222 (1962); Ellis v. Chao, 336 F. 3d 114, 127 (2d Cir. 2003). Given the procedural posture of this case, this Court finds it in the interest of justice to permit McKenzie to amend his complaint to cure the deficiencies in his FMLA interference claims.

**D. McKenzie's FMLA Retaliation Claims**

McKenzie also alleges that ECMC retaliated against him for exercising his rights under the FMLA by terminating his employment as of July 14, 2015.

ECMC argues that McKenzie has not pleaded sufficient facts to make a prima facie case for retaliation, but this is the wrong standard. In the Second Circuit, "plaintiffs bringing FMLA retaliation claims are not required to plead specific facts establishing a prima facie case of discrimination at the motion to dismiss stage; instead, plaintiffs need only plead enough facts that, if true, state a claim to relief that is plausible on its face." Harper v. New York City Hous. Auth., 673 F. Supp. 2d 174, 179 (S.D.N.Y. 2009). See also Smith v. Westchester Cty., 769 F. Supp. 2d 448, 469 (S.D.N.Y. 2011); Peterson v. Long Island R.R. Co., No. 10–CV–480, 2010 WL 2671717, at *2 (E.D.N.Y. June 30, 2010); Drew v. Plaza Constr. Corp., 688 F.Supp.2d 270, 275–76 (S.D.N.Y. 2010).

This is because the *McDonnell Douglas* burden-shifting framework "is an evidentiary standard, not a pleading requirement." Harper v. New York City Hous. Auth., 673 F. Supp. 2d 174, 179 (S.D.N.Y. 2009) (quoting Swierciewicz v. Sorema, N.A., 534 U.S. 506, 510, 122 S. Ct. 992, 997, 152 L. Ed. 1 (2002)). "To demand more than Rule 8(a)'s requirement that a complaint contain simply 'a short and plain statement of the claim, showing that the pleader is entitled to relief' would unjustifiably impose a heightened pleading requirement on the plaintiff." Id.

Here, McKenzie has alleged that he exercised an FMLA right by requesting and taking leave for his son's birth, that he was qualified for his position, that he was terminated for taking this leave, and that his termination was in direct response to his taking leave for his son's birth. (See Complaint at ¶¶ 14, 22, 62, 69, 39.) McKenzie has thus pleaded sufficient facts to state a claim for retaliation.

### IV.  CONCLUSION

For the reasons stated above, ECMC's Motion to Dismiss is GRANTED as to the interference claims arising under 29 U.S.C. § 2615(A) and DENIED as to the retaliation claims arising under § 2615(B). McKenzie's Motion to Amend is GRANTED.

IT HEREBY IS ORDERED, that ECMC's Motion to Dismiss (Docket No. 6) is GRANTED in part and DENIED in part.

FURTHER, that Plaintiff's Motion to Amend (Docket No. 8) is GRANTED.

FURTHER, that Plaintiff is granted leave to file an amended complaint within 14 days of the entry date of this decision.

FURTHER, that Plaintiff's failure to file an amended complaint as directed will result in this case moving forward on Plaintiff's FMLA retaliation claims only.

SO ORDERED.

Dated: November 4, 2019
       Buffalo, New York

                                                 s/William M. Skretny
                                                 WILLIAM M. SKRETNY
                                               United States District Judge