**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

**MICHAEL MCKENZIE**
**125 Easton Ave.**
**Buffalo, NY  14215**

                    **Plaintiff,**

         **vs.**                                              **17 -CV-647S**

                                                    **AMENDED COMPLAINT**
**ERIE COUNTY MEDICAL CENTER**              **JURY TRIAL DEMANDED**
**CORPORATION**
**462 Grider St.**
**Buffalo, NY  14215**

**Andrew Mulvaugh, Individually**
**Carla Clarke, Individually**
**Peggy Kramer, Individually**
**462 Grider St.**
**Buffalo, NY  14215**

                    **Defendants.**
_____


       Plaintiff Michael McKenzie ("McKenzie"), by and through undersigned counsel, hereby

complains as follows against Defendants Erie County Medical Center Corporation ("ECMC"),

Andrew Mulvaugh ("Mulvaugh"), Carla Clarke ("Clarke") and Peggy Kramer ("Kramer").

       1.  Mr. McKenzie has initiated this action to redress violations by Defendants of the

Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§2601-2654.  Mr. McKenzie was not

granted FMLA leave and then terminated from his employment for attempting to take medical

leave for FMLA-qualifying conditions of his son.  This action is one for money damages,

reinstatement, and liquidated damages resulting from the alleged violations of the FMLA.

## JURISDICTION AND VENUE

2.  This Court has subject matter jurisdiction under 28 U.S.C. §1331 because Mr. McKenzie has raised federal claims herein under the FMLA.

3.  This Court has personal jurisdiction over Defendant ECMC because ECMC is a public benefit corporation organized and operating under New York State Public Authorities Law §§3625-3646, with its principal place of business in the City of Buffalo, County of Erie, State of New York.  In addition, this Court has personal jurisdiction over Defendant ECMC pursuant to New York Public Authorities Law §3641(6).

4.  This Court has personal jurisdiction over Defendants Mulvaugh, Clark and Kramer because each and every one of them works at ECMC is domiciled in one of the counties of New York State that comprise the United States District Court, Western District of New York ("District").

5.  Pursuant to 28 U.S.C. §1391, venue is properly laid in this District because Defendant ECMC conducts substantial, systematic and continuous activity in this District and is subject to personal jurisdiction in this District and because all of the acts underlying this lawsuit occurred in this District and because of New York Public Authorities Law §3641(6).

## PARTIES

6.  Plaintiff Michael McKenzie is an adult individual with an address as set forth above.

7.  Defendant ECMC is an autonomous healthcare delivery system providing services in eight counties of Western New York and Southern Ontario, Canada.  Its main health campus is located at the address set forth above.

8.   At all times relevant herein, Defendant ECMC acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

9.   Defendants Mulvaugh, Clarke and Kramer are such agents, servants, and employees whose actions controlled Mr. McKenzie's FMLA rights in an employer capacity.

## FACTUAL BACKGROUND

10.   Mr. McKenzie began his employment with ECMC on December 2011.  He has worked for ECMC for more than 12 months.

11.   Among the healthcare services provided by ECMC is a medical center, including an emergency room, with 573 inpatient beds at the above address that is open for operations 24 hours a day, seven days a week, 52 weeks a year.  It never closes.  ECMC employs hundreds of people each working day and for every single week of the year for at least the years 2011 to present.

12.   Defendant Mulvaugh was Mr. McKenzie direct supervisor.  He was responsible for all of Mr. McKenzie's time and attendance issues.  Mr. McKenzie submitted all requests for vacation time, sick days and any other time off directly to Defendant Mulvaugh who had the authority to make a decision regarding the requests.

13.   Mr. McKenzie's girlfriend became pregnant with their child in the Winter 2014.

14.   In Spring 2015, approximately six (6) weeks before the anticipated birth of Mr. McKenzie's child, Mr. McKenzie told Defendant Mulvaugh that he needed to take FMLA-leave after the birth of his child in order to provide care for his son.

15.   Defendant Mulvaugh told Mr. McKenzie that it was too early to apply for FMLA leave.

16. Defendant ECMC did not provide written notice to Mr. McKenzie of his eligibility for FMLA leave.

17. Defendant ECMC did not request additional medical certification to determine if Mr. McKenzie was eligible for FMLA leave.

18. On June 16, 2015, while Mr. McKenzie was on vacation leave, Mr. McKenzie's girlfriend gave birth to their son by emergency cesarean section.  Their son was born premature.

19. During the previous 12-month period from the date of his son's birth, Mr. McKenzie worked more than 1,250 hours.

20. As a result of the premature birth, their son was admitted to the neonatel intensive care unit ("NICU") immediately following his birth and he remained there for several days.

21. Mr. McKenzie's girlfriend was also hospitalized for several days.

22. On or within a few days of June 16, 2015 Defendant Mulvaugh learned of the birth of Mr. McKenzie's son and that the child was admitted to the NICU unit.

23. Mr. McKenzie was scheduled to return to work on June 22, 2015.  Instead, Mr. McKenzie called in sick and continued to call in sick until July 14, 2015.

24. On or around June 25, 2015, Defendant Mulvaugh told Leonard Benjamin, an ECMC employee, that Mr. McKenzie had asked for FMLA leave more than thirty (30) days before the birth of Mr. McKenzie's son.

25. On or around June 25, 2015, Defendant Mulvaugh told Leonard Benjamin that Mr. McKenzie's son was born premature and was admitted to NICU for several days.

26. On or around June 29, 2015, Defendant Mulvaugh called Mr. McKenzie and asked Mr. McKenzie to contact him regarding his absences.

27.  Mr. McKenzie called Defendant Mulvaugh but was unable to leave a voicemail because Defendant Mulvaugh's mailbox was full.

28.  Then, on two separate occasions, Mr. McKenzie came into the workplace to meet with Defendant Mulvaugh on days that Defendant Mulvaugh was usually scheduled to work.

29.  On both days, Defendant Mulvaugh was absent from work and not present.

30.  After both visits, Defendant Mulvaugh learned that Mr. McKenzie came in to meet with him by the next day.

31.  Defendant ECMC asked Mr. McKenzie to attend a meeting on July 14, 2015.

32.  Defendants Mulvaugh, Clarke and Kramer appeared at that meeting on behalf of Defendant ECMC.

33.  Mr. McKenzie attended that meeting on July 14, 2015.  At that meeting, Mr. McKenzie provided notice to Defendants Mulvaugh, Clarke and Kramer that his son was born premature and was admitted to NICU for several days.

34.  Also, Defendant Mulvaugh told Defendants Clarke and Kramer that Mr. McKenzie had asked for FMLA leave more than thirty (30) days before the birth of his son.

35.  Plus, Defendant Mulvaugh told Defendants Clarke and Kramer that Mr. McKenzie's son was born premature and was admitted to NICU for several days.

36.  Defendant ECMC did not provide written notice to Mr. McKenzie of his eligibility for FMLA leave.

37.  Defendant ECMC did not request additional medical certification to determine if Mr. McKenzie was eligible for FMLA leave.

38.  At one point during the meeting, Defendants Mulvaugh, Clarke and Kramer asked Mr. McKenzie to leave the meeting room.

39. The three Defendants continued to meet.

40. When Mr. McKenzie returned to the room, he was informed that he was terminated, in willful disregard of his FMLA rights, for attendance reasons.  His termination was confirmed in a letter dated July 15, 2015, with the termination effective July 14, 2015.

### Count I – Interference with FMLA Rights under 29 U.S.C. §2615(A)

41. The foregoing paragraphs are incorporated herein as if set forth in full.

42. Mr. McKenzie was entitled to FMLA leave due to the birth of his son and to allow Mr. McKenzie to care for his son.

43. In Spring 2015, Mr. McKenzie gave notice of his intent to take FMLA leave more than thirty (30) days before the beginning of the anticipated need for leave by telling his supervisor Defendant Mulvaugh that he needed FMLA leave for the birth of his son.

44. Defendant ECMC, through Defendant Mulvaugh, knew that Mr. McKenzie needed FMLA leave due to the impending birth of his son.

45. Defendants denied Mr. McKenzie his FMLA rights by not granting him FMLA leave following the birth of his son.

### Count II – Interference with FMLA Rights under 29 U.S.C. §2615(A)

46. The foregoing paragraphs are incorporated herein as if set forth in full.

47. Mr. McKenzie was entitled to FMLA leave due to the birth of his son and to care for his son.

48. In Spring 2015, Mr. McKenzie gave notice of his intent to take FMLA leave more than thirty (30) days before the beginning of the anticipated leave date by telling his supervisor Defendant Malvaugh that he needed FMLA leave for the birth of his son and to care for his son.

49. Defendant ECMC, through Defendant Mulvaugh, knew that Mr. McKenzie needed FMLA leave due to the impending birth of his son.

50. Defendants denied Mr. McKenzie his FMLA rights by terminating him.

**Count III – Interference with FMLA Rights under 29 U.S.C. §2615(A)**

51. The foregoing paragraphs are incorporated herein as if set forth in full.

52. Mr. McKenzie encountered an unforeseen need for FMLA leave to care for his son due to his son's serious health condition.  His son was born premature and needed to be admitted to NICU.

53. Mr. McKenzie was prepared to tell this to Defendant Mulvaugh if Defendant Mulvaugh would have been at work either time Mr. McKenzie came to see him.

54. Defendant Mulvaugh learned within days after the birth of Mr. McKenzie's son that his son was born premature and was admitted to NICU.

55. Despite gaining knowledge of this unforeseen event within a reasonable amount of time through Defendant Mulvaugh, Defendant ECMC, did not grant Mr. McKenzie FMLA leave.

**Count IV – Interference with FMLA Rights under 29 U.S.C. §2615(A)**

56. The foregoing paragraphs are incorporated herein as if set forth in full.

57. Defendant ECMC, through Defendant Mulvaugh, gained knowledge within a reasonable amount of time of the unforeseen serious health condition and medical emergency experienced by Mr. McKenzie's son.

58. Despite gaining knowledge of this unforeseen event within a reasonable amount of time, Defendants terminated Mr. McKenzie.

**Count V – Retaliation with Exercising FMLA Rights under 29 U.S.C. §2615(B)**

59. The foregoing paragraphs are incorporated herein as if set forth in full.

60. Mr. McKenzie took FMLA-qualifying leave for the birth of his son.

61. He was qualified for his position.

62. Defendants terminated Mr. McKenzie.

63. Mr. McKenzie's termination was motivated by his desire to take FMLA leave.

**Count VI – Retaliation with Exercising FMLA Rights under 29 U.S.C. §2615(B)**

64. The foregoing paragraphs are incorporated herein as if set forth in full.

65. Mr. McKenzie took FMLA-qualifying leave due to the unforeseen hospitalization of his son in NICU immediately following his birth.

66. He was qualified for his position.

67. Defendants terminated Mr. McKenzie.

68. Mr. McKenzie's termination was motivated by his desire to take FMLA leave.

**Count VII – Interference with FMLA Rights under 29 U.S.C. §2615(A)**

69. The foregoing paragraphs are incorporated herein as if set forth in full.

70. In Spring 2015, after learning of Mr. McKenzie's need for FMLA leave due to the impending birth of his son, Defendant ECMC was required to provide a written notice to Mr. McKenzie regarding his eligibility to take FMLA within five (5) days.

71. Defendant ECMC failed to provide the written notice in a timely manner to Mr. McKenzie.

72. As a result, Mr. McKenzie was terminated from employment with Defendant ECMC when he took time off immediately after the birth of his son.

**Count VIII – Interference with FMLA Rights under 29 U.S.C. §2615(A)**

73.  The foregoing paragraphs are incorporated herein as if set forth in full.

74.  On or about June 16, 2015 Defendant Mulvaugh learned that Mr. McKenzie's son was admitted to NICU soon after the child's premature birth.

75.  Defendant ECMC failed to provide written notice of Mr. McKenzie's eligibility for FMLA leave within the required time period.

76.  As a result, Mr. McKenzie was terminated from employment with Defendant ECMC when he took time off to care for his son who had been admitted to NICU.

**Count IX – Interference with FMLA Rights under 29 U.S.C. §2615(A)**

77.  The foregoing paragraphs are incorporated herein as if set forth in full.

78.  On or about June 25, 2015, Defendant ECMC again learned about Mr. McKenzie's need for FMLA leave due to the impending birth of his son when Defendant Mulvaugh informed Leonard Benjamin of Mr. McKenzie's prior request for FMLA leave in Spring 2015.

79.  Defendants denied Mr. McKenzie his FMLA rights by not granting him FMLA leave for the birth of his son.

**Count X – Interference with FMLA Rights under 29 U.S.C. §2615(A)**

80.  The foregoing paragraphs are incorporated herein as if set forth in full.

81.  On or about June 25, 2015, Defendant ECMC again learned about Mr. McKenzie's need for FMLA leave due to the impending birth of his son when Defendant Mulvaugh informed Leonard Benjamin of Mr. McKenzie's prior request for FMLA leave in Spring 2015.

82.  Defendants denied Mr. McKenzie his FMLA rights by terminating him.

**Count XI – Interference with FMLA Rights under 29 U.S.C. §2615(A)**

83.  The foregoing paragraphs are incorporated herein as if set forth in full.

84. On or about June 25, 2015, Defendant ECMC learned that Mr. McKenzie encountered an unforeseen need for FMLA leave due to the premature birth of his son and admission to NICU when Defendant Mulvaugh informed Leonard Benjamin.

85. Despite gaining knowledge of this unforeseen event within a reasonable amount of time through Leonard Benjamin, Defendant ECMC, did not grant Mr. McKenzie FMLA leave.

### Count XII – Interference with FMLA Rights under 29 U.S.C. §2615(A)

86. The foregoing paragraphs are incorporated herein as if set forth in full.

87. Defendant ECMC, through Leonard Benjamin on or about June 25, 2015, gained knowledge within a reasonable amount of time of the unforeseen medical emergency experienced by Mr. McKenzie's son.

88. Despite gaining knowledge of this unforeseen event within a reasonable amount of time, Defendants terminated Mr. McKenzie.

### Count XIII – Interference with FMLA Rights under 29 U.S.C. §2615(A)

89. The foregoing paragraphs are incorporated herein as if set forth in full.

90. On or about June 25, 2015, Defendant ECMC again learned about Mr. McKenzie's need for FMLA leave due to the impending birth of his son when Defendant Mulvaugh informed Leonard Benjamin of Mr. McKenzie's prior request for FMLA leave in Spring 2015.

91. Defendant ECMC failed to provide written notice to Mr. McKenzie of his eligibility for FMLA leave in a timely manner.

92. As a result, Mr. McKenzie was terminated from employment with Defendant ECMC when he took time off immediately after the birth of his son.

### Count XIV – Interference with FMLA Rights under 29 U.S.C. §2615(A)

93. The foregoing paragraphs are incorporated herein as if set forth in full.

94.  On or about June 25, 2015, Defendant ECMC learned about Mr. McKenzie's need for FMLA leave when Defendant Mulvaugh informed Leonard Benjamin that Mr. McKenzie's son was admitted to NICU.

95.  Defendant ECMC failed to provide written notice to Mr. McKenzie of his eligibility for FMLA leave in a timely manner.

96.  As a result, Mr. McKenzie was terminated from employment with Defendant ECMC when he took time off to care for his son.

### Count XV – Interference with FMLA Rights under 29 U.S.C. §2615(A)

97.  The foregoing paragraphs are incorporated herein as if set forth in full.

98.  Mr. McKenzie encountered an unforeseen need for FMLA leave when his son was born premature and had to be admitted to NICU for several days.

99.  Defendant Mulvaugh told Defendants Clarke and Kramer that Mr. McKenzie's son was born premature and had to be admitted to NICU for several days either at or prior to the July 14, 2015 meeting.

100.  Mr. McKenzie told Defendants Mulvaugh, Clark and Kramer that his son was born premature and had to be admitted to NICU either at or prior to the July 14, 2015 meeting.

101.  Despite gaining knowledge of this unforeseen event within a reasonable amount of time, Defendants ECMC, Mulvaugh, Clarke and Kramer did not grant Mr. McKenzie FMLA leave.

### Count XVI – Interference with FMLA Rights under 29 U.S.C. §2615(A)

102.  The foregoing paragraphs are incorporated herein as if set forth in full.

103.  On or about July 14, 2015, the Defendants gained knowledge within a reasonable amount of time of the unforeseen medical emergency experienced by Mr. McKenzie's son.

104.  Despite gaining knowledge of this unforeseen event within a reasonable amount of time, Defendants ECMC, Mulvaugh, Clarke and Kramer decided to terminate Mr. McKenzie.

## Count XVII – Interference with FMLA Rights under 29 U.S.C. §2615(A)

105.  The foregoing paragraphs are incorporated herein as if set forth in full.

106.  At or prior to the July 14, 2015 meeting, Defendant ECMC again gained knowledge of Mr. McKenzie's prior request for FMLA leave.  Defendant Mulvaugh told Defendants Clarke and Kramer of Mr. McKenzie's prior request for FMLA leave in Spring 2015 due to the impending birth of his son.

107.  At or prior to the July 14, 2015 meeting, Mr. McKenzie told Defendants Mulvaugh, Clarke and Kramer of his prior request for FMLA leave in Spring 2015 due to the impending birth of his son.

108.  Defendants ECMC, Mulvaugh, Clarke and Kramer denied Mr. McKenzie his FMLA rights by not granting him FMLA leave for the birth of his son.

## Count XVIII – Interference with FMLA Rights under 29 U.S.C. §2615(A)

109.  The foregoing paragraphs are incorporated herein as if set forth in full.

110.  Defendant ECMC again gained knowledge of Mr. McKenzie's request for FMLA leave made in Spring 2015 at the July 14, 2015 meeting.

111.  Defendants ECMC, Mulvaugh, Clarke and Kramer denied Mr. McKenzie his FMLA rights by terminating him.

## Count XIX – Interference with FMLA Rights under 29 U.S.C. §2615(A)

112.  The foregoing paragraphs are incorporated herein as if set forth in full.

113.  On or about July 14, 2015, Defendant ECMC again learned about Mr. McKenzie's need for FMLA leave due to the impending birth of his son when Defendant Mulvaugh informed Leonard Benjamin of Mr. McKenzie's prior request for FMLA leave in Spring 2015.

114.  Defendant ECMC failed to provide written notice to Mr. McKenzie of his eligibility for FMLA leave in a timely manner.

115.  As a result, Mr. McKenzie was terminated from employment with Defendant ECMC when he took time off immediately after the birth of his son.

## Count XX – Interference with FMLA Rights under 29 U.S.C. §2615(A)

116.  The foregoing paragraphs are incorporated herein as if set forth in full.

117.  On or about July 14, 2015, Defendant ECMC learned about Mr. McKenzie's need for FMLA leave when Defendant Mulvaugh informed Defendants Clarke and Kramer that Mr. McKenzie's son was admitted to NICU and Mr. McKenzie informed Defendants Mulvaugh, Clarke and Kramer of the same thing.

118.  Defendants failed to provide written notice to Mr. McKenzie of his eligibility for FMLA leave in a timely manner.

119.  As a result, Defendants ECMC, Mulvaugh, Clarke and Kramer violated Mr. McKenzie's FMLA rights by terminating Mr. McKenzie when he took time off to care for his son.


[remainder of page intentionally blank]

**WHEREFORE**, Plaintiff requests judgment against Defendants for the following:

A.  Statutory damages in the amount of $ 300,000.00 for lost wages, benefits and other compensation, plus interest at the statutory rate, pursuant to 29 U.S.C. §2617(a)(1)(A)(i), (ii);

B.  Liquidated damages in an amount equal to that requested above, pursuant to 29 U.S.C. §2617(a)(1)(A)(iii);

C.  Equitable relief in the form of reinstatement or front pay, as considered appropriate by the Court, pursuant to 29 U.S.C. §2617(a)(1)(B);

D.  Attorney's fees, expert witness fees, and costs of this action, pursuant to 29 U.S.C. §2617(a)(3);

E.  Plaintiff is permitted to have a trial by jury;

F.  All additional relief that this Court may consider just and proper.


Dated:  November 17, 2019


THE LAW OFFICE OF WILLIAM CHEN, PC

By: _____ s/William Chen
      William Chen

2306 Delanoy Ave.
Bronx, NY  10469
(716) 392-3503
Email:  bill@lo-wchen.com
Attorney for Plaintiff Michael McKenzie